# EXHIBIT B

 **CT Corporation**

**Service of Process
Transmittal**
12/24/2012
CT Log Number 521840341

**TO:**   Shannon Ryerson
Entergy Services Inc
639 Loyola Avenue, L-ENT-26B
New Orleans, LA 70113

**RE:**   **Process Served in Massachusetts**

**FOR:**   Entergy Nuclear Operations, Inc. (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kristen Cook, Pltf. vs. Entergy Nuclear Operations, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Demand for Jury Trial, Attachment |
| **COURT/AGENCY:** | Plymouth County Superior Court, Plymouth County, MA<br>Case # PLCV201201211 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - Wrongful discrimination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/24/2012 at 13:00 |
| **JURISDICTION SERVED:** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Mitchell J. Notis<br>Law Office of Mitchell J. Notis<br>32 Kent Street<br>Brookline, MA 02445<br>617-566-2700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/24/2012, Expected Purge Date:<br>12/29/2012<br>Image SOP<br>Email Notification, Shannon Ryerson sryerso@entergy.com<br>Email Notification, Jennifer Favalora jfavalo@entergy.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dahrlena Mitchell |
| **ADDRESS:** | 155 Federal Street<br>Suite 700<br>Boston, MA 02110 |
| **TELEPHONE:** | 617-757-6404 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. *PLCV2012 - 01211*

*Kristen Cook* ......................, Plaintiff(s)

vs.

*Entergy Nuclear Operations, Inc.* ...................., Defendant(s)

## SUMMONS

To the above-named defendant: *Entergy Nuclear Operations, Inc.*
*c/o CT Corporation System, 155 Federal Street, Ste. 700, Boston, MA 02110*

You are hereby summoned and required to serve upon ......*Mitchell Notis*...... plaintiff attorney, whose address is *Law Office, 32 Kent St, Brookline, MA 02445*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ......*20R*......day of

......................, in the year of our Lord Two thousand and ....*12*.....

*Robert Creedon J.*

Robert S. Creedon, Jr.
CLERK OF COURTS

NOTICE TO DEFENDANT -You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................, 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5):........................

........................

........................

Dated: ........, 20·  ........................

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.

A true copy Attest *John Cotto*
*10-24-12*
Deputy Sheriff Suffolk County

,   20

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

Plymouth Superior Court
Civil Action No. PL CV 2012-0121

---

**KRISTEN COOK**
*Plaintiff*

v.

**ENTERGY NUCLEAR OPERATIONS, INC.**
*Defendant*

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. This is an action by an employee against her employer, the company which operates the Pilgrim Nuclear Power Plant, under M.G.L. c.151B, for unlawful discrimination based upon gender, real and perceived disability and illegal retaliation. The action is brought by Plaintiff Kristen Cook, a female, who works for Entergy Nuclear Operations, Inc. ("ENOI"). ENOI is the corporate entity which employs Ms. Cook. ENOI is also the corporate entity which operates the Pilgrim Nuclear Power Plant. In this Complaint, Ms. Cook asserts that certain of ENOI's actions towards her while she has been its employee, amount to illegal discrimination and retaliation.

### Jurisdiction and Venue

2. Jurisdiction over this matter lies in the Superior Court pursuant to M.G.L. c.151B §4.

3. Venue in Plymouth County, Massachusetts is proper because the illegal employment practices complained of herein occurred in Plymouth, Plymouth County, Massachusetts. On information and belief, the employment records related to Plaintiff's employment with Defendant ENOI, are also located within Plymouth County, Massachusetts.

4. On September 22, 2011, Ms. Cook filed a timely Charge of Discrimination on the basis of gender, disability and retaliation with the Massachusetts Commission Against Discrimination.

1

5. Ms. Cook has withdrawn her charge of discrimination from the Massachusetts Commission Against Discrimination. Ms. Cook has therefore exhausted her administrative remedies and has timely invoked the jurisdiction of this Court.

**The Parties**

6. Plaintiff Kristen Cook is a resident of South Yarmouth, Barnstable County, Massachusetts. She is female. For many years she has suffered from Multiple-Sclerosis and the symptoms of that condition.

7. Defendant ENOI is a foreign corporation having its principal place of business in Plymouth, Plymouth County, Massachusetts. At all times relevant to this Complaint, it was Plaintiff's employer. It is responsible for the actions of the supervisors and managers of the Pilgrim Nuclear Power Plant which are in violation of MGL Chapter 151B, in relation to this action. At all times relevant to this Complaint, Defendant was an "employer" within the meaning of MGL Chapter 151B section 5, and was a "person" within the meaning of MGL Chapter 151B section 4, and in all other respects met all of the requirements for coverage under MGL Chapter 151B.

**Factual Allegations**

8. Ms. Cook has worked as an employee of ENOI at the Pilgrim Nuclear Power Plant in Plymouth, Massachusetts since 2002. Since October 2007 and continuing until at least August 2012, Ms. Cook has been subjected to a harassing environment (due to her disability and her gender), and retaliation for complaining of discrimination. Ms. Cook's Husband (also an ENOI employee) and Ms. Cook have complained to management of ENOI regarding the harassment Ms. Cook has been subjected to, but no adequate steps were ever taken to deal with, stop or prevent the harassment.

9. At all times that Ms. Cook has been employed by ENOI, she has always performed her job in a satisfactory or better manner. Ms. Cook was and is a qualified handicapped person. It is also noted that Plaintiff's husband Steven Cook, has been subjected to unfair and discriminatory treatment due to his association with Plaintiff. The discriminatory and harassing atmosphere of Ms. Cook's workplace has caused her physical health to consistently deteriorate over the past few years (with regard to the worsening of her symptoms caused by her disability, Multiple Sclerosis). At this point in time, Ms. Cook is out of work on medical leave, and receiving short term disability benefits, due to the extreme deterioration of her physical condition, which is due primarily to the hostile work environment she has been subjected to since her placement in her most recent position in the Administrative Services Department, as well as the harassment, discrimination and retaliation she has suffered, and for which ENOI is responsible.

10. Ms. Cook has worked for ENOI for the past ten years.  At approximately the time she started work for ENOI, Ms. Cook was diagnosed with multiple sclerosis.  For most of the time period from her initial diagnosis until approximately 2011, Ms. Cook was able to successfully manage her multiple sclerosis symptoms.

11. In September 2007, Ms. Cook accepted the position of Employee Concerns Coordinator.  Ms. Cook held that position until May 2011.  At the time Ms. Cook became Employee Concerns Coordinator, she had not yet married Steven Cook, and she was known as Kristen DiMascio.  In that position, Ms. Cook was responsible for (among other things) responding to "Condition Reports" submitted electronically by Pilgrim Nuclear Power Station employees regarding problems or issues ("conditions") which have arisen in their workplace.  It was possible for Condition Reports to be submitted anonymously.  Approximately 25% of the Condition Reports received at the Pilgrim Nuclear Power Station each year were submitted anonymously.  Approximately 10% of the anonymous condition reports were inappropriate, in other words, were not reports of "conditions" which should have been reported under the Condition Report system.

12. For several years a substantial number of the inappropriate and anonymous Condition Reports were about either Kristen Cook or Steven Cook.  Due to the manner in which the Condition Report system was administered, even inappropriate and anonymous condition reports remained viewable on the Condition Report system for several hours or even several days, and could be viewed by any of the employees working at the Pilgrim Nuclear Power Station.  The system was been consistently abused at the expense of Kristen Cook and Steven Cook.

13. Over the past few years, the anonymous Condition Report postings regarding either Kristen Cook or Steven Cook included the following:

1.  False and misleading statements regarding work or performance errors or deficiencies.
2.  Negative statements with no specific work issue listed.
3.  Criticisms with no specific work issue listed.
4.  Vulgar anatomical references regarding Ms. Cook, on several occasions.  The most recent of these was on May 16, 2011.
5.  False statements that Steven Cook was sleeping on the job.
6.  False accusations that Steven Cook had made a racial remark.
7.  False accusations that Steven Cook was "illegally" parking in a "handicapped location" and that the handicap parking permit for the vehicle involved was "falsified."
8.  A statement implying that Ms. Cook was not handicapped.
9.  A false and slanderous statement that Ms. Cook had been seen leaving a restroom with "drug paraphernalia."  In reality, Ms. Cook had been seen discreetly trying to conceal the catheter she needed to use in order to use the restroom.
10. A false statement that Steven Cook had illegally entered a company building.  This occurred on December 16, 2010.

14. To the extent that any of the statements or actions referred to in this Complaint regard improper actions or statements regarding Plaintiff's Husband Steven Cook, these statements or actions were engaged in by ENOI or individuals for whose conduct ENOI is responsible, due to bias and discrimination against Plaintiff, due to her gender and her disability.

15. The harassment suffered by Kristen Cook and Steven Cook has not been limited to anonymous condition reports. Among other actions which have been directed against Kristen Cook and Steven Cook have been the following:

1. Mr. Cook was sent an email, which was copied to many of his coworkers, disapproving of his use of a handicapped parking spot (even though he made use of this parking spot to drop off Kristen Cook).
2. Numerous calls were made to the work phones of both Kristen Cook and Steven Cook from undisclosed plant phones, during which nothing was said, but "kissing" noises were made.
3. On many occasions when Kristen Cook would walk through the plant, sexually harassing comments were made to her, as recently as November 2010.
4. Several hundred copies of a notice regarding a surprise birthday party for Ms. Cook were printed and posted throughout the plant, so that Ms. Cook would see them.
5. A Cape Cod Times newspaper article about Kristen Cook, regarding her efforts to overcome her disability and to try to be "normal," was copied and posted all over the plant. An engagement notice from the same paper regarding Plaintiff's engagement to Mr. Cook from the same issue of the Cape Cod Times, was also copied extensively and posted all through the plant. In light of the postings being placed in such large numbers throughout the plant, the act of posting these items was clearly intended to humiliate and mock Plaintiff and Mr. Cook, not to congratulate them.
6. Ms. Cook has falsely been called a "marriage wrecker" for causing Mr. Cook to leave his former wife.

16. Ms. Cook has asked the company to help her find another job within the company which would help minimize the harassment to which she was being subjected. Nothing was made available to Ms. Cook for over one and one half years. During her time as the ECP Coordinator, Ms. Cook was one of the lowest paid, if not the lowest paid, Coordinator. After Ms. Cook filed an Ethics complaint in early 2011, with respect to the harassment, Entergy finally offered Ms. Cook a position as the ECI Manager.

17. Ms. Cook was told by her manager that if she accepted the ECI Manager position, there would be no salary change as the position was considered to be a "Rotational Position." Ms. Cook became the ECI Manager at Pilgrim, with the desired qualification of having an MBA degree, but was still earning less than every other manager in the fleet, and almost the same as her male direct report. Ms. Cook eventually accepted the ECI Manager job at a salary slightly more than had initially been offered. After filing her

charge of discrimination, Ms. Cook was given a salary increase, with no direct notification to her.

18.   As a result of the physical toll the harassment had on Ms. Cook, until the end of August 2012, Ms. Cook went to work each day with a heavy feeling in her chest. The harassment each day increased her stress to the extent that at the end of the day she was barely able to walk to her car. Ms. Cook's medications were increased due to the increased stress to which she was subjected. Unfortunately, by the beginning of September, Ms. Cook's condition had deteriorated from the stress the harassment and discrimination had caused her, to the point that she had to take a medical leave from her job, and received short term disability pay. Ms. Cook has been hospitalized due to the worsening of her physical condition, and is not sure when she will be able to return to work. Ms. Cook had been out of work earlier in the year due to complications from her Multiple Sclerosis.

19.   Plaintiff's Husband has been informed by an attorney appointed by ENOI to investigate the ethics complaint made by Ms. Cook, that the attorney agreed that both Ms. Cook and Mr. Cook had been subjected to harassment, that he was surprised that the company had not acted on their complaints, and that personnel at the Plymouth Nuclear Power Plant had essentially been using the Condition Report system as a "blog."

20.   On July 29, 2010, Mr. Cook sent the Site Management Team an email asking when the harassment would stop, but he received no response.

21.   After Ms. Cook filed an Ethics Complaint in 2011, and after her attorney sent a letter to the parent company of ENOI in March 2011 complaining about these matters, ENOI's parent company investigated these matters but did not take adequate or appropriate actions to prevent the discrimination and harassment. In particular, ENOI and its parent company, Entergy, failed to take adequate or appropriate actions to prevent the discriminatory and harassing use of the Condition Report System of which Ms. Cook had complained. It was not until approximately April 2011 that steps were taken to prevent anonymous Condition Reports from being posted prior to being reviewed for appropriateness. However, these actions were inadequate.

22.   In addition to the hostile work environment, Ms. and Mr. Cook were also retaliated against by being denied the ability to attend a Diversity and Inclusion Summit. Ms. Cook is currently chair of the Diversity Inclusion Council of Pilgrim Station, and Mr. Cook was co-chair. In the past all Chairs and Co-Chairs attended all corporate and North East Diversity and Inclusion events. Both Mr. and Ms. Cook attended Corporate Diversity and Inclusion Summits in New Orleans in 2009 and 2010. The Cooks also represented Pilgrim Station at the Vermont Yankee Station North East Summit and the James A. Fitzpatrick North East Summit. After the filing of Ms. Cook's charge of discrimination in 2011, Site Vice President Bob Smith initially denied Ms. and Mr. Cook, the Chair and Co-Chair of the Pilgrim Station Diversity and Inclusion Council, the right to go to the

5

Diversity and Inclusion Summit. It is noted that previously Mr. Smith had denied an employee the right to attend a safety conference for which she had been selected to attend, as the individual had filed a claim against the company.

23. Mrs. Cook returned to work on July 2, 2012, after being out of work on medical leave for several months due to complications from her Multiple Sclerosis. One week later, she was surprised to be presented with a Job Analysis/Essential Function Form by her new Manager, Frederick Munroe. Mr. Munroe informed Mrs. Cook, with a half day's notice, that she was to report to the Human Resources department with him to review the Job Analysis/Essential Function Form due to her request for continued company accommodations for her Multiple Sclerosis symptoms (being allowed paid leave time for Multiple Sclerosis related flare ups). Previously, ENOI had accommodated Mrs. Cook with paid leave time to work from home when feeling the effects of her Multiple Sclerosis.

24. ENOI has rescinded their past accommodation granted to Ms. Cook. More importantly, during the meeting with Human Resources, Ms. Cook's Manager stated that he wanted someone he could "count on full time" for the position (implying that he did not want someone with a disability. When Ms. Cook asked her Human Resources department why she had received the Job Analysis/Essential Function Form, she was informed that it is a company policy to administer a Job Analysis/ Essential Function Form to any employee who returns from disability leave with a continued restriction, such as Mrs. Cook's continued medical restriction. It should be noted that this form is not included in any Entergy Policy or Procedure. When Ms. Cook asked further questions about this issue, asking who receives a Job Analysis/ Essential Function Form, the Human Resources Manager retracted her original statement and informed Ms. Cook that a Job Analysis/Essential Function Form is not given to all employees who return to work with restrictions and that Ms. Cook misunderstood her. It is noted that the common practice at Plymouth Nuclear Power Plant is that it usually takes many months for managers to administer a Job Analysis/Essential Function Form to subordinates who have continued restrictions. Apparently, in Ms. Cook's situation, the use of this form is retaliatory.

25. In Mrs. Cook's new position as Superintendent of Administrative Services, she remained under paid compared to her male Superintendent counterparts, despite having extensive experience in Administrative Services and having an MBA degree.

26. To the extent that some of the incidents of discrimination or harassment referred to in this Complaint occurred more than 300 days prior to the filing of the charge of discrimination related to this Complaint, the "continuing violation doctrine" applies to these incidents, and that they should be properly included with this Complaint of discrimination. In addition, these earlier incidents prove that some of the later incidents mentioned in this Complaint were discriminatory and harassing.

6

27. Despite the fact that Ms. Cook complained to management at ENOI regarding the discrimination, harassment and retaliation to which she was subjected, ENOI has never taken any adequate actions to stop, punish or prevent the illegal actions to which she has been subjected. Ms. Cook has been subjected to unfair treatment at work, she has been subjected to unfair terms and conditions of employment, and she has been subjected to a harassing environment and retaliation all due to her gender, her having a disability and her complaining about the unfair and discriminatory treatment to which she was subjected.

28. ENOI is responsible for the actions of its managers and supervisors set forth in this Complaint. ENOI's actions as set forth herein are discriminatory, illegal, and retaliatory.

29. ENOI's actions as set forth herein constitute a violation of M.G.L. c.151B, 42 U.S.C. section 2000e and the Americans with Disabilities Act. The illegal actions of ENOI against Ms. Cook were knowing, intentional and willful.

30. Because of the illegal actions of ENOI, Ms. Cook has been caused to suffer, and will continue to suffer, financial and emotional injuries.

## COUNT I
## AGAINST DEFENDANT ENOI FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF M.G.L. C.151B

31. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-30 above.

32. By its actions set forth above, Defendant has engaged in discrimination against Ms. Cook on the basis of gender in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant, in an amount to be determined by this Court, including monies to compensate her for lost back pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

## COUNT II
## AGAINST ENOI FOR DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF M.G.L. C.151B

7

33. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-32 above.

34. By its actions set forth above, Defendant has engaged in discrimination against Ms. Cook on the basis of disability and perceived disability in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant, in an amount to be determined by this Court, including monies to compensate her for lost back pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

## COUNT III
## AGAINST DEFENDANT ENOI FOR RETALIATION IN VIOLATION OF M.G.L. C.151B

35. Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1-34 above.

36. By its actions set forth above, Defendant has engaged in retaliation against Ms. Cook for complaining of discrimination and for requesting a reasonable accommodation, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter judgment in her favor and against Defendant, in an amount to be determined by this Court, including monies to compensate her for lost back pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, interest, costs, attorneys fees, and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

Respectfully submitted,
KRISTEN COOK
By her Attorney,

_____
Mitchell J. Notis, BBO# 374360
LAW OFFICES OF MITCHELL J. NOTIS
32 KENT Street
Brookline, MA 02445
Tel.: 617-566-2700

9

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kristen Cook | Entergy Nuclear Operations, Inc. |

| **(b)** County of Residence of First Listed Plaintiff   Barnstable | County of Residence of First Listed Defendant   Hinds County, MS |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Mitchell Notis | Michael K Clarkson & Julia M. Brumer |
| Law Offices of Mitchell J. Notis | Ogletree, Deakins, Nash, Smoak and Stewart, PC |
| 32 Kent Street, Brookline, MA  02445  Tel. 617-566-2700 | One Boston Place, Boston, MA  02108  Tel. 617-994-5700 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
    Plaintiff

☐ 2  U.S. Government
    Defendant

☐ 3  Federal Question
    *(U.S. Government Not a Party)*

☒ 4  Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Mass. Gen. Laws 151B
Brief description of cause:
Alleged gender and disability discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER PLCV2012-01211

DATE 1/23/2013   SIGNATURE OF ATTORNEY OF RECORD  *Julia Brumer*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only) Kristen Cook v. Entergy Nuclear Operations, Inc.

_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.    410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓]  II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*,  850, 870,  871.

   [ ]  III.  120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

            *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3.  Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                    YES [ ]      NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                    YES [ ]      NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                    YES [ ]      NO [✓]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                    YES [ ]      NO [✓]

7.  Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

                                                    YES [✓]      NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [✓]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                    YES [ ]      NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Michael K. Clarkson & Julia M. Brumer
ADDRESS  One Boston Place, Suite 3220, Boston, MA  02108
TELEPHONE NO. 617-994-5700

(CategoryForm12-2011.wpd - 12/2011)